**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC., a Delaware corporation,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) )   **Civil Action No.  6:19-cv-00526**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SynKloud Technologies, LLC ("SynKloud" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Dropbox, Inc. ("Dropbox" or "Defendant") the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent Nos. 8,606,880 (the "'880 Patent"); 8,856,195 (the "'195 Patent"); 8,868,690 (the "'690 Patent"); 9,219,780 (the "'780 Patent"); 9,239,686 (the "'686 Patent"); and 10,015,254  (the "'254 Patent") (collectively, the "Patents-in-Suit") arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

### THE PARTIES

2.      Plaintiff SynKloud Technologies, LLC is a company organized under the laws of Delaware, with its principal place of business located at 124 Broadkill Road, #415, Milton, Delaware 19968.

/ / /

3.      Defendant Dropbox, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 333 Brannan Street, San Francisco, California 94107. Dropbox's registered agent for Service of Process is located at Corporation Service Company, d/b/a CSC, 211 E. 7th Street Suite 620, Austin, Texas 78701.

### JURSIDICTION AND VENUE

4.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

5.      This Court has subject matter jurisdiction over SynKloud's claims under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within the Western District of Texas, giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice. The Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and/or 28 U.S.C. § 1400(b). Defendant transacts business within this District and offers for sale in this District products that infringe the Patents-in-Suit.  Defendant is registered to do business in Texas.  Defendant has a regular and established place of business in Western District of Texas.  For example, Defendant has an office in Austin, Texas where it employs sales and user operations teams.  Dropbox chose Austin for its second U.S. location and has stated that in

/ / /

Austin, they are building out its "sales and channel, customer experience and people teams for the Americas." (https://www.dropbox.com/jobs/locations/austin as of August 23, 2019).

## PATENT OWNERSHIP AND EXCLUSIVE RIGHT TO SUE

8.     Plaintiff is the owner of the Patents-in-Suit asserted in this action and has the exclusive right to sue and collect remedies for past, present, and future infringement of the Patents-in-Suit.

## ACCUSED PRODUCTS AND/OR SERVICES

9.     Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing services for storage, including, for example, Dropbox Cloud Personal, Plus, Professional, Standard, Advanced, Business and/or Enterprise Versions, using infringing Dropbox servers that operate with client-side Dropbox software that is connected through wireless networks including, for example, Dropbox Mobile Applications, Web browser interface and/or Desktop Applications (collectively, "Accused Products and/or Services").

## ACTUAL NOTICE AND KNOWLEDGE OF THE PATENTS-IN-SUIT

10.     Defendant had actual notice and/or knowledge of the Patents-in-Suit since at least October 11, 2015 when the predecessor owner of the Patents-in-Suit sent a notice of patent infringement to Defendant, copy of the original attached as Exhibit 1-A that explicitly listed the '880 Patent, that is the Parent patent of the Patents-in-Suit, the '195 Patent and the '690 Patent.

11.     Defendant again had actual notice of patent infringement and had knowledge at least on January 11, 2017 with a letter that explicitly listed the '780 Patent and the '686 Patent and included infringement claim chart attached copy as Exhibit 1-B.  This was followed up with further correspondence on April 25, 2017 (attached copy as Exhibit 1-C), May 22, 2017

(attached copy as Exhibit 1-D) and October 6, 2017 (attached copy as Exhibit 1-E) in response to communications from Defendant.

12.     Plaintiff followed up on the communications with Defendant on June 10, 2019, attached copy as Exhibit 1-F.

13.     Defendant has had knowledge of the Patents-in-Suit and its infringement since at least the filing of the Original Complaint in this action, or shortly thereafter, including by way of this lawsuit.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,606,880

14.     SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

15.     On December 10, 2013, the '880 Patent, entitled "Use of Wireless Devices' External Storage," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '880 Patent is attached as Exhibit 2-A.

16.     Defendant has infringed and continues to infringe at least claims 2, 7-17 of the '880 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products and/or Services.

17.     As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3-A, is a description of exemplary claim 2 of the '880 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

18.     For example, the Accused Products and/or Services meet all of the claim limitations of claim 2 of the '880 Patent, set forth below with claim language in italics.  To the

extent the preamble is limiting, the Accused Products and/or Services include *a system for expanding storage capacity of a plurality of wireless devices, the system comprising a configured server.*



https://www.dropbox.com/features, last visited on August 22, 2019.

19.     The Accused Products and/or Services *allocate a storage space of a predefined capacity for each of the wireless devices, create a file system for the storage space allocated for the each of the wireless devices.*

https://www.dropbox.com/plans?trigger=nr

20.     The Accused Products and/or Services *establish a link for each of the wireless devices access to the storage space.*

///

///

///

"Installing our application on your computer creates a special folder, the Dropbox folder. This folder has unique properties: it automatically updates your files so they're the same across all your devices with Dropbox installed. No more USB drives, emailing work to yourself, or manually uploading and downloading files - it just works.

Use the Dropbox folder like you would any other folder on your computer. Anything you save into the folder will be available on your other devices and backed up on our website."



https://www.dropbox.com/guide/business/set-up/install-the -desktop-app, last visited on August 22, 2019

21.     The Accused Products and/or Services *update the file system whenever a user of the each of the wireless devices performs an operation to the storage space, wherein the storage space being remotely located with respect to the each of the wireless devices.*

## Edit access in a shared folder

Edit access in shared folders allows for two-way collaboration between parties. Choose specific colleagues who need to edit files in one of your Dropbox folders, and watch edits sync almost instantly. Anyone with edit access can alter, add, and delete files in your folder.

https://www.dropbox.com/guide/business/share/sharing-overview

22.     The Accused Products and/or Services include *wherein the updating of the file system comprises, updating the file system for storing a file therein, the storing of a file including to download a file from a remote web server, according to download information for the file cached in the each of the wireless devices received therefrom, directly into the storage device allocated thereto when the user via a web browser executed on the each of the wireless devices to perform an operation of downloading the file from the remote web server to the storage space instead of downloading the file into the each of the wireless devices itself.*

Free up hard drive space
Dropbox Smart Sync lets you work from your desktop and save to the cloud, taking up virtually no space on your hard drive.
https://www.dropbox.com/business/tour



23.    The Accused Products and/or Services include software operation on *the wireless devices, wherein each of the wireless devices is operable access to the storage space allocated to the each of the wireless devices.*

# Connect your Dropbox accounts

*Connecting your personal and business Dropbox accounts lets you easily access both from all your linked devices, while still keeping your data separate.*

If you have a personal account for your photos and tax returns, and a business account for clients and projects, Dropbox will let you connect your accounts to make accessing them both a breeze. You'll still have two separate accounts, but now you'll be able to easily access your personal and work Dropbox folders from your computer, your mobile devices, and the Dropbox website.

https://www.dropbox.com/guide/business/set-up/connect-your-dropboxes

/ / /

24.     Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '880 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

25.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '880 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributors, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '880 Patent.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '880 Patent, of which it had knowledge.

26.     Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '880 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere,

to infringe the '880 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has in the past and continues to contribute to the infringement of one or more claims of the '880 Patent.  The Accused Products and/or Services are material to the inventions claimed in the '880 Patent, have no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '880 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '880 Patent, of which it had knowledge.

27.     Defendant is liable for indirect infringement, *i.e.,* both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '880 Patent.  For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '880 Patent (e.g., claims 2, 7-17) by configuring and dynamically resizing logical volumes.  At a minimum, Defendant is liable for the indirect infringement of claims 2, 7-17 of the '880 Patent.

28.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful.  As a result of Defendant's willful infringement of the '880 Patent, Plaintiff has suffered damages and will continue to suffer damages.

29.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '880 Patent.

30.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,856,195

31.     SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

32.     On October 7, 2014, the '195 Patent, entitled "Method and System for Wireless Device Access to External Storage," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '195 Patent is attached as Exhibit 2-B.

33.     Defendant has infringed and continues to infringe at least claims 15-20 of the '195 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products and/or Services.

33.     As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3-B, is a description of exemplary claim 15 of the '195 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

34.     Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect

infringement of the '195 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

35.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '195 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '195 Patent.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '195 Patent, of which it had knowledge.

36.     Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '195 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '195 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers,

distributors, end-users, vendors including customer-support and/or manufacturers, Defendant

has in the past and continues to contribute to the infringement of one or more claims of the

'195 Patent.  The Accused Products and/or Services are material to the inventions claimed in

the '195 Patent, have no substantial non-infringing uses, and are known by Defendant (on

information and belief) to be especially made or especially adapted for use in infringing the

'195 Patent, and which are otherwise not staple articles of commerce suitable for substantial

non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts

infringe and/or constitute contributory infringement of the '195 Patent, of which it had

knowledge.

37.    Defendant is liable for indirect infringement, *i.e.,* both inducement and

contributory infringement, based on the direct infringement that is the result of activities

performed by customers, distributors, end-users, vendors including customer-support and/or

manufacturers who use all elements or perform all steps of one or more claims of the '195

Patent.  For example, end users of Defendant's Accused Products and/or Services infringe,

either directly or under the doctrine of equivalents, one or more claims of the '195 Patent (e.g.,

claims 15-20) by configuring and dynamically resizing logical volumes.  At a minimum,

Defendant is liable for the indirect infringement of claims 15-20 of the '195 Patent.

38.    Defendant's conduct as alleged herein constitutes egregious behavior, and the

infringement has been and continues to be willful.  As a result of Defendant's willful

infringement of the '195 Patent, Plaintiff has suffered damages and will continue to suffer

damages.

39.    Defendant will continue to infringe unless this Court enjoins Defendant and its

agents, servants, employees, representatives and all others acting in active concert with it from

infringing the '195 Patent.

40.    Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,868,690

41.    SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

42.    On October 21, 2014, the '690 Patent, entitled "System and Method for Support Wireless Device Access to External Storage," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '690 Patent is attached as Exhibit 2-C.

43.    Defendant has infringed and continues to infringe at least claims 1-20 of the '690 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products and/or Services.

44.    As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3-C, is a description of exemplary claim 1 of the '690 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

45.    Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '690 Patent.  On information and belief, Defendant acted with objective

14

recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

46.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '690 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '690 Patent.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '690 Patent, of which it had knowledge.

47.     Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '690 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '690 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant

has in the past and continues to contribute to the infringement of one or more claims of the '690 Patent. The Accused Products and/or Services are material to the inventions claimed in the '690 Patent, have no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '690 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '690 Patent, of which it had knowledge.

48.     Defendant is liable for indirect infringement, *i.e.*, both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '690 Patent. For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '690 Patent (e.g., claims 1-20) by configuring and dynamically resizing logical volumes. At a minimum, Defendant is liable for the indirect infringement of claims 1-20 of the '690 Patent.

49.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful. As a result of Defendant's willful infringement of the '690 Patent, Plaintiff has suffered damages and will continue to suffer damages.

50.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '690 Patent.

16

51.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,219,780**

52.     SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

53.     On December 22, 2015, the '780 Patent, entitled "Method and System for Wireless Device Access to External Storage," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '780 Patent is attached as Exhibit 2-D.

54.     Defendant has infringed and continues to infringe at least claims 9-15 of the '780 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products and/or Services.

55.     As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3-D, is a description of exemplary claim 9 of the '780 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

56.     Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '780 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted

17

infringement of a valid patent.

57.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement. Defendant actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '780 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '780 Patent.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '780 Patent, of which it had knowledge.

58.     Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '780 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '780 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has in the past and continues to contribute to the infringement of one or more claims of the

'780 Patent.  The Accused Products and/or Services are material to the inventions claimed in the '780 Patent, have no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '780 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '780 Patent, of which it had knowledge.

59.     Defendant is liable for indirect infringement, *i.e.*, both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '780 Patent.  For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '780 Patent (e.g., claims 9-15) by configuring and dynamically resizing logical volumes.  At a minimum, Defendant is liable for the indirect infringement of claims 9-15 of the '780 Patent.

60.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful.  As a result of Defendant's willful infringement of the '780 Patent, Plaintiff has suffered damages and will continue to suffer damages.

61.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '780 Patent.

62.     Plaintiff has been damaged as a result of Defendant's infringing conduct.

Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 9,239,686

63.     SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

64.     On January 19, 2016, the '686 Patent, entitled "Method and Apparatus for Wireless Devices Access to External Storage," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '686 Patent is attached as Exhibit 2-E.

65.     Defendant has infringed and continues to infringe at least claims 1-20 of the '686 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products and/or Services.

66.     As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3-E, is a description of exemplary claim 1 of the '686 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

67.     Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '686 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

20

68.    Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '686 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '686 Patent.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '686 Patent, of which it had knowledge.

69.    Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '686 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '686 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has in the past and continues to contribute to the infringement of one or more claims of the '686 Patent.  The Accused Products and/or Services are material to the inventions claimed in

the '686 Patent, have no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '686 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '686 Patent, of which it had knowledge.

70.     Defendant is liable for indirect infringement, *i.e.,* both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '686 Patent.  For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '686 Patent (e.g., claims 1-20) by configuring and dynamically resizing logical volumes.  At a minimum, Defendant is liable for the indirect infringement of claims 1-20 of the '686 Patent.

71.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful.  As a result of Defendant's willful infringement of the '686 Patent, Plaintiff has suffered damages and will continue to suffer damages.

72.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '686 Patent.

73.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for

Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,015,254

74.    SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

75.    On July 3, 2018, the '254 Patent, entitled "System and Method for Wireless Device Access to External Storage," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '254 Patent is attached as Exhibit 2-F.

76.    Defendant has infringed and continues to infringe at least claims 9-15 of the '254 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, Accused Products and/or Services.

77.    As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3-F, is a description of exemplary claim 9 of the '254 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

78.    Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '254 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

79.    Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and

continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '254 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products and/or Services to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributers, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products and/or Services that infringe the '254 Patent. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '254 Patent, of which it had knowledge.

80.     Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '254 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '254 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has in the past and continues to contribute to the infringement of one or more claims of the '254 Patent.  The Accused Products and/or Services are material to the inventions claimed in the '254 Patent, have no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the

'254 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '254 Patent, of which it had knowledge.

81.     Defendant is liable for indirect infringement, *i.e.*, both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '254 Patent. For example, end users of Defendant's Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '254 Patent (e.g., claims 9-15) by configuring and dynamically resizing logical volumes. At a minimum, Defendant is liable for the indirect infringement of claims 9-15 of the '254 Patent.

82.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful. As a result of Defendant's willful infringement of the '254 Patent, Plaintiff has suffered damages and will continue to suffer damages.

83.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '254 Patent.

84.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      A judgment that Defendant has willfully infringed the Patents-in-Suit;

b)      An injunction barring Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the Patents-in-Suit; alternatively, a judicial decree that Defendant pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

c)      An award of damages adequate to compensate for Defendant's infringement of the Patents-in-Suit, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

d)      An award of trebled damages under 35 U.S.C. § 284;

e)      A declaration that this case is exceptional under 35 U.S.C. § 285;

f)      An award of Plaintiff's costs and attorney's fees under 35 U.S.C. § 285 and other applicable law; and

g)      Any other remedy to which Plaintiff may be entitled.

/ / /

/ / /

/ / /

Dated: September 6, 2019

Of Counsel:

Deepali Brahmbhatt *(Pro Hac Vice Application forthcoming)*
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd.,
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

John Lord *(Pro Hac Vice Application forthcoming)*
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd.,
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Respectfully,

/s/ Kevin J. Terrazas
Kevin J. Terrazas (SBN 24060708)
kterrazas@clevelandterrazas.com
CLEVELAND TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, TX 78746
Telephone: (512) 680-3257

*Attorneys for Plaintiff SynKloud Technologies, LLC*

27