**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>DROPBOX, INC.,<br><br>             Defendant. | Civil Action No.  6:19-cv-00526-ADA |

**DROPBOX'S OPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN
DISTRICT OF CALIFORNIA**

# **TABLE OF CONTENTS**

                                                      **Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    STATEMENT OF FACTS ............................................................................................... 1

        A.     The Complaint ....................................................................................................... 1

        B.     The Parties ............................................................................................................. 2

        C.     The Location of Key Witnesses and Evidence ..................................................... 3

III.   Legal Standard .................................................................................................................. 4

IV.   ARGUMENT ..................................................................................................................... 5

        A.     This Action Could Have Been Brought in The Northern District of
                 California ............................................................................................................... 5

        B.     The Private Factors Strongly Favor Transfer ........................................................ 6

                 1.     The Sources of Proof Are Most Easily Accessed in The Northern
                          District of California ................................................................................ 6

                 2.     Key Witnesses Are Within the Subpoena Power of The Northern
                          District of California But Not The Western District of Texas ................. 8

                 3.     Willing Witnesses Can Attend Trial More Easily in The Northern
                          District of California ................................................................................ 9

                 4.     Practical Issues Are Neutral ..................................................................... 9

        C.     The Public Interest Factors Also Favor Transfer .................................................. 9

V.    CONCLUSION AND PRAYER FOR RELIEF ............................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Auto-Dril, Inc. v. National Oilwell Varco, L.P.*,
   No. 6:15–CV–00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) ...................................... 7

*DataQuill, Ltd. v. Apple Inc.*,
   No. 13-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ......................................... 6, 7, 10

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ................................................................................... 6, 8, 9

*In re HP Inc.*,
   No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ............................................. 6, 8

*In re Nintendo*,
   589 F.3d at 199 ....................................................................................................................... 7

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ..................................................................................... 4, 9, 10

*In re Toyota*,
   747 F.3d at 1340 ..................................................................................................................... 8

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2009) ........................................................................................... 5, 7

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ............................................................................................... 5, 7

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ............................................................................ 4, 5, 8

*Uniloc USA v Box, Inc.*,
   No. 17-754, 2018 WL 2729202 (W.D. Tex. June 6, 2018) ................................. 6, 7, 8, 9, 10

**Federal Statutes**

28 U.S.C. § 1400(b) ..................................................................................................................... 5

28 U.S.C. § 1404(a) ........................................................................................................... 1, 4, 5, 6

**Federal Rules**

Fed. R. Civ. P. 45(d)(3)(A)(ii) ...................................................................................................... 8

Defendant Dropbox, Inc. ("Dropbox") respectfully moves to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## I.  INTRODUCTION

The Northern District of California is the undeniable locus of evidence and interests relevant to the trial of this case because it is the location of: (1) the asserted patents' inventor, (2) the events purportedly supporting Plaintiff's claim that Dropbox was notified of infringement beginning in 2015, (3) Dropbox's headquarters, (4) the development of the accused technology, (5) the Dropbox employees most knowledgeable about the finances and marketing of the accused technology, and (6) the Dropbox servers housing the documents describing the design and operation of the accused technology.  At the same time, nothing ties the facts of this case or relevant sources of evidence to the Western District of Texas: (1) Plaintiff SynKloud Technology, LLC ("SynKloud") has no apparent ties to this District, and (2) Dropbox's Austin facility did not even exist when the technology at issue was developed, and is not responsible for the finances or marketing of the "Accused Products and Services."  Because the Northern District of California is clearly a more convenient forum under 28 U.S.C. § 1404(a), the Court should transfer this case.

## II.  STATEMENT OF FACTS

### A.  The Complaint

The complaint broadly alleges that Dropbox's cloud storage services when accessed from a wireless device (the "accused functionality")[1] infringe six patents (the "asserted patents").  D.I. 1 at ¶¶ 1, 9.  Attached to the complaint are "exemplary" claim charts purporting to show how one

---

[1] SynKloud defines the "Accused Products and Services" as "services for storage, including, for example, Dropbox Cloud Personal, Plus, Professional, Standard, Advanced, Business and/or Enterprise Versions, using infringing Dropbox servers that operate with client-side Dropbox software that is connected through wireless networks including, for example, Dropbox Mobile Applications, Web browser interface and/or Desktop Applications."  D.I. 1 at ¶ 9.

1

alleged Dropbox service infringes one claim of each asserted patent. *See id.* at Ex. 3A-3F.

The complaint alleges that Dropbox has had actual notice of infringement since "at least October 11, 2015 when the predecessor owner of the Patents-in-Suit sent a notice of patent infringement" to Dropbox. D.I. 1 at ¶ 10. These allegations are based on a series of letters purportedly sent by an attorney based in the Northern District of California to Dropbox's San Francisco headquarters between 2015 and 2018. *See id.* at Ex. 1A-1F. A Dropbox employee in San Francisco responded to the post-2015 letters. *See* Declaration of Gregory H. Lantier ("Lantier Decl.") at ¶ 3, Ex. 1A-1D.

B.   **The Parties**

**Dropbox.** Defendant Dropbox is a Delaware corporation with nearly all its corporate and technology development activities taking place in San Francisco (its principal place of business) and Seattle, Washington. *See* Declaration of Andrew Haven ("Haven Decl.") at ¶¶ 4-5. Over 1,500 Dropbox employees are based in San Francisco. *Id.* at ¶ 4. Dropbox's facility in Seattle has over 200 employees, most of whom are engineers. *Id.* at ¶ 5. Dropbox also has nine additional offices, including one in Austin. *Id.* at ¶ 10. Dropbox's Austin office opened in September 2015. *Id.* It primarily houses human resources, customer assistance, and sales employees. *Id.* It did not exist when Dropbox developed the accused functionality. *Id.* Dropbox released its iPhone app, for example, in 2009. *Id.* at ¶ 7.

**SynKloud.** Plaintiff SynKloud, created in July 2018, is incorporated in Delaware. *See* D.I. 1 at ¶ 2; Lantier Decl. at ¶ 4, Ex. 2 (Dep't of State Entity Details). It appears to engage solely in patent licensing activities and maintains no offices outside of Delaware. Lantier Decl. at ¶ 5, Ex. 3 (SynKloud webpage). There is no indication that SynKloud itself has any principals or employees who reside in – or even within 1,000 miles of – this District. *Id.*

2

### C. The Location of Key Witnesses and Evidence

**Dropbox's Relevant Evidence.** Dropbox's potential sources of evidence for this action, including the witnesses Dropbox expects to call at trial, are all located in the Northern District of California or in Seattle. The accused functionality as defined in the complaint was designed and developed in Dropbox's San Francisco headquarters, by Dropbox employees based in the Northern District of California. Haven Decl. at ¶ 7. The teams responsible for ongoing technical maintenance of the "Accused Products and Services" are based in Seattle. *Id.* at ¶ 8. Specifically, the following Dropbox employees are the most likely witnesses regarding the design and development of the "Accused Products and Services," and all are based in San Francisco:

- Andrew Haven, software engineer who is knowledgeable regarding the design and operation of Dropbox services for storage that are accessed via Dropbox's mobile applications;

- Sujay Jayakar, software engineer who is knowledgeable regarding the design and operation of Dropbox services for storage that are accessed via Dropbox's desktop applications;

- David Wetterau, software engineer who is knowledgeable regarding the design and operation of Dropbox services for storage that are accessed via Dropbox's web browser application.

*Id.*; Lantier Decl. at ¶¶ 6-8, Exs. 4-6. Similarly, the Dropbox employees primarily responsible for overseeing the marketing strategy for the "Accused Products and Services" all reside and work in or near San Francisco, including Naman Khan, Vice President of Product Marketing. Haven Decl. at ¶ 7. In addition, Dropbox's finance department is based in San Francisco, including Sarah Schubach, Dropbox's Assistant Controller. *Id.* Importantly in this case, the Dropbox employee who sent detailed responses to the letters purporting to provide actual notice of infringement, Kevin Spark, is also based in San Francisco. *Id.*

Likewise, the documents related to the accused functionality, including technical documents, marketing materials, and financial records, were created in San Francisco and Seattle. *Id.* at ¶ 9. Dropbox houses and controls its source code for the accused functionality in the Northern District of California, *id.*, and it will seek a protective order in this case that permits inspection only at its counsel's offices near San Francisco.

**SynKloud's Relevant Evidence.** SynKloud's only office is in Milton, Delaware. D.I. 1 at ¶ 2. SynKloud acquired the asserted patents in December 2018. *See* Lantier Decl. at ¶ 4, Ex. 2 (Dep't of State Entity Details); *id.* at ¶ 9, Ex. 7A-7F (assignment histories). It therefore likely possesses little relevant evidence other than any terms of acquisition of the patents.

**Third Party Witnesses.** The named inventor of the asserted patents, Sheng Tai Tsao (also known as Ted Tsao), currently resides in the San Francisco Bay Area. *Id.* at ¶ 10, Ex. 8 (LinkedIn profile). He is the president and founder of STT WebOS, Inc., the Bay Area company that owned the asserted patents until 2018. *Id.* The office of the attorney who purportedly sent the letters giving rise to SynKloud's allegations of pre-suit knowledge of the patents, J. James Li, is also in the San Francisco Bay Area, according to his firm's website. *Id.* at ¶ 11, Ex. 9.

### III. <u>LEGAL STANDARD</u>

Transfer is appropriate "for the convenience of parties and witnesses, in the interest of justice" to any district "where [the action] might have been brought." 28 U.S.C. § 1404(a). Fifth Circuit law controls motions to transfer for convenience under 28 U.S.C. § 1404(a). *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 311 (5th Cir. 2008) (en banc). "A motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff." *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)

(citing *Volkswagen II*, 545 F.3d at 315)).  In the Fifth Circuit, "[t]he first inquiry when analyzing a case's eligibility for 1404(a) transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'"  *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).  Once that threshold inquiry is met, Fifth Circuit courts consider "private" and "public" factors in determining whether transfer under Section 1404(a) is warranted.  *Volkswagen II*, 545 F.3d at 312.  And "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2009) (citing *Volkswagen II*, 545 F.3d at 314 n.10).

## IV.    ARGUMENT

The Northern District of California is the location of (1) the asserted patents' inventor; (2) the lawyers involved in the 2015-2018 correspondence regarding the asserted patents; (3) Dropbox's headquarters; (4) the Dropbox employees most knowledgeable about the development of the accused functionality; (5) the Dropbox employees most knowledgeable about the finances and marketing of the "Accused Products and Services"; and (6) the Dropbox servers housing the documents describing the design and operation of the accused functionality, including Dropbox's highly sensitive source code.  The Northern District of California has a far greater interest in the resolution of this action than does this District, and there is no legally recognized reason that it would be inefficient for the litigation to proceed in that venue.  Applying the analysis required by the Fifth Circuit, this case should be transferred to the Northern District of California.

### A.    This Action Could Have Been Brought in The Northern District of California

Because Dropbox is headquartered there, this patent infringement suit indisputably could have been brought in the Northern District of California.  28 U.S.C. § 1400(b).

**B.     The Private Factors Strongly Favor Transfer**

The private factors under 28 U.S.C. §1404(a) overwhelmingly favor transfer.

    1.     The Sources of Proof Are Most Easily Accessed in The Northern District of California

The first private factor examines whether relevant witnesses and documents are located nearer the transferee or transferor district. *See Genentech*, 566 F.3d at 1345 (applying Fifth Circuit law) (explaining that "[t]he convenience of the witnesses is probably the single most important factor in transfer analysis" and "the place where the defendant's documents are kept weighs in favor of transfer to that location"). Here, nearly all of the relevant witnesses and documents are located *in* the transferee district. Dropbox and third-party sources of proof are far more easily accessed in the Northern District of California than in this District, and SynKloud's sources of proof (to the extent it has any) are equally accessible in each district.

**Dropbox's Sources of Proof.** Dropbox's employees responsible for the design, development, finances, and marketing of the accused functionality and "Accused Products and Services" reside in the Northern District of California and Seattle. Haven Decl. at ¶ 8; *supra* section II.B. In addition, the Dropbox employee who responded to pre-suit communications regarding the asserted patents, Mr. Spark, is also located in the Northern District of California. Dropbox's witnesses' location is a significant fact in favor of transfer. *Genentech*, 566 F.3d at 1345. *See also In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018) (transferring case where defendant identified multiple employees in transferee venue); *Uniloc USA v Box, Inc.*, No. 17-754, 2018 WL 2729202, at *2 (W.D. Tex. June 6, 2018); *DataQuill, Ltd. v. Apple Inc.*, No. 13-706, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014). The Waco courthouse is over 1,000 miles further than the San Francisco courthouse from Dropbox's San Francisco headquarters and Seattle facility. Lantier Decl. at ¶¶ 12-15, Exs. 10-13. The burden to

Dropbox and its employees of attending trial would be significantly greater in Waco than San Francisco.  Haven Decl. at ¶ 11.  *Volkswagen I*, 371 F.3d at 205 (explaining application of the "100 mile rule"); *see also Auto-Dril, Inc. v. National Oilwell Varco, L.P.*, No. 6:15–CV–00091, 2016 WL 6909479, at *8 (W.D. Tex. Jan. 28, 2016) ("If the transferee venue would result in an average distance away from the witness that is shorter than the original venue, then the convenience factor weighs in favor of transfer.").

Also, Dropbox's electronic documents describing the design and operation of the accused functionality were created in the Northern District of California or in Seattle, and any hardcopy documents are located there.  Haven Decl. at ¶ 9.  Dropbox's relevant marketing and financial documents for the "Accused Products and Services" were likewise created in San Francisco.  *Id.* at ¶ 8.  *See TS Tech*, 551 F.3d at 1321 (ordering transfer where "the vast majority of physical and documentary evidence" was not located in transferor forum); *In re Nintendo*, 589 F.3d at 199 (transferring where neither party had relevant documentation or evidence in plaintiff's chosen forum); *DataQuill*, 2014 WL 2722201, at *3.

Finally, Dropbox's source code—the best evidence of how the accused functionality works—is maintained on servers located in the Northern District of California, and the security of this code is of utmost importance to Dropbox.  Haven Decl. at ¶ 9.  *See, e.g.*, *Uniloc,* 2018 WL 2729202, at *2 (noting significance of defendant's "highly sensitive" source code being stored on servers in transferee forum).

**SynKloud's Sources of Proof.**  SynKloud is a Delaware company with no offices in Texas.  D.I. 1 at ¶ 2.  It was created in July 2018, does not appear to have any business operations other than patent licensing, and acquired the asserted patents less than one year before filing this action.  SynKloud is therefore unlikely to possess relevant evidence other than

7

acquisition terms for the asserted patents.  In any event, travel from Delaware to San Francisco is no more burdensome than travel from there to Waco.  Dropbox is not aware of any SynKloud-related evidence in or near to this District.

**Third-Party Sources of Proof.**  Finally, the Northern District of California is a far more convenient forum for potential third-party witnesses.  The sole named inventor of the asserted patent, Mr. Tsao, resides there, as does the person who allegedly provided Dropbox with pre-suit notice of infringement, Mr. Li.  *See* supra section II.B.  And there are no apparent third-party witnesses that reside in the Western District of Texas.  *See id.*  *See In re Toyota*, 747 F.3d at 1340 (ordering transfer where likely witnesses resided in transferee forum and none resided in transferor forum); *In re HP*, 2018 WL 4692486, at *3 (same).

2. Key Witnesses Are Within the Subpoena Power of The Northern District of California But Not The Western District of Texas

The "availability of compulsory process" factor favors transfer when more witnesses reside within the subpoena power of the transferee venue than the transferor venue.  *See Genentech*, 566 F.3d at 1345 ("The fact that [a] transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly.").  In fact, preferred venues enjoy "absolute subpoena power for both depositions and trial."  *Volkswagen II*, 545 F.3d at 316.

The Northern District of California, but not the Western District of Texas, has absolute subpoena power over the most significant third-party witnesses in this case—the sole named inventor Mr. Tsao and the key trial witness for Plaintiff's willfulness allegations Mr. Li.[2]  Thus, this factor heavily weighs in favor of transfer.

---

[2] Courts "must quash or modify" a subpoena that compels a person to travel more than 100 miles (or to another state) to testify.  Fed. R. Civ. P. 45(d)(3)(A)(ii).  Similarly, courts cannot compel a third-party witness to attend a deposition more than 100 miles from the person's residence.  *Id.*

### 3. Willing Witnesses Can Attend Trial More Easily in The Northern District of California

The location of willing witnesses (*e.g.*, party employees) in the transferee district also strongly favors transfer and is "probably the single most important factor in the transfer analysis." *Genentech*, 566 F.3d at 1343. When "most witnesses and evidence [are] closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo*, 589 F.3d at 1198.

Here, ***all*** of Dropbox's expected trial witnesses, including those listed above, are located in the Northern District of California. *See supra* section II.B. Thus, applying the facts of this case, this factor very strongly favors transfer to the Northern District of California.

### 4. Practical Issues Are Neutral

There are no practical issues favoring this District. *Uniloc*, 2018 WL 2729202, at *4. This Court has neither had to expend significant time learning the patent or Dropbox's products, nor has particular expertise in the facts of the case.[3]

Taken together, the private interest factors overwhelmingly favor transfer.

**C.   The Public Interest Factors Also Favor Transfer**

The first public interest factor examines whether transfer would alleviate or worsen court congestion. That factor is neutral, because neither this Court nor the Northern District of California suffers from a judge shortage or backlog of civil matters. *Cf. Uniloc,* 2018 WL 2729202, at *4 (finding median time to trial in patent cases in these two fora comparable).

The second public interest factor considers the benefits of deciding localized interests at

---

[3] Although SynKloud has also asserted the asserted patents in its suit against Adobe in this District filed the same day, this Court has not yet issued any rulings regarding the asserted patents.

home, and favors transfer when "defendants are headquartered, develop the accused products, and employ a large number of people in the transferee venue." *Uniloc*, 2018 WL 2729202 at *4. *See also In re Nintendo*, 589 F.3d at 1198 (finding local interest favored transfer where defendant had its principal place of business in transferee district). Dropbox is headquartered in the Northern District, developed the "Accused Products and Services" there, and employs over 1,500 people there. Dropbox's reputation and conduct are expressly implicated by this case. In addition, the named inventor of the asserted patents and the only non-Dropbox witness who could testify about allegedly providing pre-suit notice of infringement both reside in the Northern District of California. As stated above, while Dropbox has a satellite office in Austin, that office opened long after the accused functionality was developed and released. Accordingly, the Northern District of California has a far greater local interest in this case than this District does, and this factor strongly favors transfer.

The third public interest factor examines the familiarity of each forum with the law that will govern the case. This factor is neutral. *See, e.g.*, *DataQuill*, 2014 WL 2722201 at *5. Both this Court and the Northern District of California are well-equipped to handle patent law issues.

Finally, the fourth public interest factor examines whether transfer will either avoid or cause unnecessary problems of conflicts of law or in the application of foreign law. This factor is also neutral. *DataQuill*, 2014 WL 2722201 at *5.

Collectively, the public interest factors therefore strongly favor transfer.

## V.     CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, Dropbox respectfully requests that the Court transfer this Action to the San Francisco Division of the Northern District of California.

Dated: November 26, 2019            Respectfully submitted,

*J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado St., Ste. 2000
Austin, TX 78701
Telephone: (512) 495-6400
Fax: (512) 495-6401
steve.ravel@kellyhart.com

Gregory H. Lantier (Admitted *Pro Hac Vice*)
DC Bar No. 492043
Virginia State Bar No. 65657
New York State Bar No. 4823217
WILMER HALE LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6327
Email: gregory.lantier@wilmerhale.com

Monica Grewal (Admitted *Pro Hac Vice*)
Massachusetts State Bar No. 659449
Connecticut State Bar No. 414009
WILMER HALE LLP
60 State Street
Boston, Massachusetts 02109
Email: monica.grewal@wilmerhale.com

Yvonne Lee (Admitted *Pro Hac Vice*)
Massachusetts State Bar No. 687623
WILMER HALE LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6692
Email: yvonne.lee@wilmerhale.com

Alexis Pfeiffer (Admitted *Pro Hac Vice*)
California State Bar No. 312007
WILMER HALE LLP
950 Page Mill Road
Palo Alto, California 94304
Tel: (650) 858-6052
Email: alexis.pfeiffer@wilmerhale.com

**ATTORNEYS FOR DEFENDANT**
**DROPBOX, INC.**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on November 26, 2019 the parties conferred in a good faith effort to resolve the matter by agreement. Plaintiff opposes the relief sought in its entirety. Accordingly, this Motion is presented to the Court for resolution.

*J. Stephen Ravel*
J. Stephen Ravel

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 26, 2019 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*J. Stephen Ravel*
J. Stephen Ravel