IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SYNKLOUD TECHNOLOGIES, LLC,** | § § | |
| *Plaintiff*, | § § | |
| | § | CIVIL ACTION 6:19-cv-00526-ADA |
| v. | § § | |
| | § | |
| **DROPBOX, INC.,** | § | |
| *Defendant*. | § | |

**ORDER DENYING DEFENDANT DROPBOX'S
MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Came on for consideration this date the Motion of Defendant Dropbox to transfer under 28 U.S.C. § 1404(a), filed on November 26, 2019. ECF No. 19. Plaintiff SynKloud Technologies, LLC ("SynKloud") filed its response on December 10, 2019 (ECF No. 23) and Dropbox replied on December 23, 2019 (ECF No. 26). After careful consideration of the above briefing, the Court **DENIES** Dropbox's motion to transfer the case to the Northern District of California.

**I.    Factual Background and Procedural History**

SynKloud filed this lawsuit on September 6, 2019 alleging infringement of U.S. Patent Nos. 8,606,880 (the "'880 Patent"); 8,856,195 (the "'195 Patent"); 8,868,690 (the "'690 Patent"); 9,219,780 (the "'780 Patent"); 9,239,686 (the "'686 Patent"); and 10,015,254 (the "'254 Patent") (collectively, the "Patents-in-Suit"). ECF No. 1. The title of the '880 Patent is "Use of Wireless Devices' External Storage." According to SynKloud, the '880 Patent "focuses on how a wireless device can actually use external storage provided by a storage server… [and] also includes how a wireless device can download data to its external storage." ECF No. 1 Ex. 2A at 21. The title of the '195 and '780 Patents are "Method and System for Wireless Device Access to External

Storage." ECF. No. 1 at 11, 17. According to SynKloud, the '195 Patent "focuses on how a wireless device can actually use external storage provided by a storage server." ECF No. 1 Ex. 2B at 7. Whereas, the '780 Patent "focuses on a wireless device accessing and using external storage space provided by a server." ECF No. 1 Ex. 2D at 7. The title of the '690 Patent is "System and Method for Support Wireless Device Access to External Storage." ECF. No. 1 at 14. According to SynKloud, the '690 Patent "focuses on how a wireless device can actually use external storage provided by a storage server." ECF No. 1 Ex. 2C at 7. The title of the '686 Patent is "Method and Apparatus for Wireless Device Access to External Storage." ECF. No. 1 at 20. According to SynKloud, the '686 Patent "focuses on a wireless device accessing and using external storage space provided by a server." ECF No. 1 Ex. 2E at 7. The title of the '254 Patent is "System and Method for Wireless Device Access to External Storage." ECF. No. 1 at 23. According to SynKloud, the '254 Patent "relates to wireless devices accessing and using external storage spaces provided by one or more servers." ECF No. 1 Ex. 2F at 8.

SynKloud alleges that Dropbox's storage services[1] use patent infringing Dropbox servers that operate with client-side Dropbox software which is connected through wireless networks including, Dropbox Mobile Applications, Web browser interface and/or Desktop Applications (collectively, "Accused Products and/or Services"). ECF No. 1 at 3. Dropbox filed a motion to transfer venue under 28 U.S.C. § 1404(a) requesting that the case be transferred to the Northern District of California ("NDCA"). ECF No. 19 at 1.

## II.   Standard of Review

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been

---

[1] The Dropbox storage services at issue include Dropbox Cloud Personal, Plus, Professional, Standard, Advanced, Business and/or Enterprise Version. *Id.* at 3.

brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*") ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on

"the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Courts may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018). "The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) ).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10, 315 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). Ordinarily, "[t]he plaintiff's choice of venue is ... entitled to deference." *AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (footnotes omitted) (quoting *Volkswagen II*, 545 F.3d at 315). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III. Discussion regarding transfer to the Northern District of California

#### a. Relative ease of access to sources of proof

In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. Dropbox argues that this factor weighs in favor of transfer because "nearly all of the relevant documents are located *in* the transferee district." ECF No. 19 at 6. More specifically, Dropbox asserts that "documents describing the design and operation of the accused technology were created in NDCA or in Seattle, and any hardcopy documents are located there." *Id* at 7. Dropbox also asserts that employees responsible for "the design, development, finances, and marketing of the accused technology" are in NDCA or Seattle. *Id* at 6. Finally, Dropbox asserts that Dropbox's source code, "is maintained on servers" in NDCA and that the "security of this code is of utmost important to Dropbox." *Id*. at 7.

In its response, SynKloud makes two counter-arguments regarding Dropbox's source of proof. First, SynKloud argues that Dropbox has failed to specifically identify any Dropbox employee or document that cannot be produced in this District. ECF No. 23 at 1-2. More generally, SynKloud asserts that any relevant documents are in electric form, making them as accessible in this District as in any other. *Id*. at 2. Second, SynKloud argues that Dropbox downplays its substantial presence in this District. *Id*. at 1. Specifically, SynKloud asserts that Dropbox "maintains over 200 employees, including engineers and managers representing almost every team within the Company," in its Austin, Texas location. *Id.* SynKloud argues that according to publicly available information, there are employees located in Austin who can provide critical testimony supporting SynKloud's infringement, both direct and indirect, and damages theories. *Id*. at 2. SynKloud also points to several job listings for engineering/technical positions available at the

Austin office which relate to Customer Experience, which is one of the key accused features. *Id.* at 11.

Regarding its own sources of proof, SynKloud asserts that none of its members, directors, or officers reside in NDCA and none of the relevant documents concerning the Patents-in-Suit are located there. *Id.* at 4. SynKloud claims that SynKloud's principal member and President, Robert Colao, who is the most knowledgeable person to testify regarding SynKloud's licensing efforts of the Patents-in-Suit and any other company related topics, resides in New York, New York. *Id*. at 3.

In its reply, Dropbox makes several counter-arguments. First, Dropbox argues that this District does not have "equal access to documentary and physical evidence." ECF No. 26 at 3. In particular, Dropbox asserts that the argument SynKloud makes that "because the documents are stored electronically, this factor is neutral," should be rejected by this court. *Id*. Dropbox also asserts that since it is undisputed that Dropbox's documentary evidence was generated and is stored in San Francisco, this factor weighs in favor of transfer to NDCA. *Id.* Second, Dropbox argues that SynKloud is incorrect when it asserts there may be potential witnesses in Austin. *Id*. at 4. Instead, Dropbox argues that SynKloud "generate[d] a list of names without considering the likelihood that they would need to attend trial." *Id*. In fact, Dropbox recites that it will not call any Austin Dropbox employees to trial or by deposition. *Id.* at 9. Third, Dropbox asserts that the existence of its Austin office and employees is irrelevant because its Austin is not alleged to have any connection to the events giving rise to this infringement action. *Id.* at 7. Lastly, Dropbox counters SynKloud's assertion that the location of SynKloud's witnesses is neutral to the transfer, based on Federal Circuit precedent. *Id*. at 7-8. Dropbox argues the number of witness from

Dropbox will far outnumber SynKloud's one identified witness, making the NDCA would clearly more convenient and less expensive. *Id* at 8.

In a previous order, the Court lamented about the fact that the "relative ease of access to sources of proof" factor, namely the location of documents, is out of touch with modern patent litigation.[2] However, the Court recognizes, although begrudgingly, it must follow Fifth Circuit precedent. Thus, the Court finds that the "relative ease of access to sources of proof" slightly weighs in favor of the requested transfer for the following reasons: First, although SynKloud asserts that its documents are in or accessible from WDTX, because Dropbox is the accused infringer, it is likely that it will have the bulk of the documents that are relevant in this case. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). Therefore, the Court finds that the location of the documents relevant in this case weighs towards transfer.

---

[2] *See Fintiv, Inc. v. Apple, Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 13, 2019). "Finally, although the Court wishes to make clear that it has followed Fifth Circuit precedent regarding this factor, the Court believes that this factor is at odds with the realities of modern patent litigation. In particular, based on this Court's experience, in modern patent litigation, all (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party produces these documents. In modern patent litigation, documents are located on a server, which may or may not be in the transferee district (or given the use of cloud-based storage, may be located on multiple servers in multiple districts, or even multiple countries) and are equally accessible from both the transferee and transferor districts. Therefore, in this Court's view, there is no difference in the relative ease of access to sources of proof from the transferor district as compared to the transferee district when the vast bulk of documents are electronic. District courts—particularly those with patent-heavy dockets which have very significant document productions—have recently begun to acknowledge this reality. *Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-00642-JRG, ECF No. 216 at 8-9 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modern server forms."). But, under current Fifth Circuit precedent, the physical location of electronic document does affect the outcome of this factor. *See, e.g., Volkswagen II*, 545 F.3d at 316. Even though it would not have changed the outcome of this motion, this Court expresses its hope that the Fifth Circuit will consider addressing and amending its precedent in order to explicitly give district courts the discretion to fully take into consideration the ease of accessing electronic documents." *Id.*

Second, the Court finds that, for party witnesses, NDCA and WDTX are equally convenient. More specifically, while Dropbox has identified multiple employees in NDCA with relevant information and states that it will not call any Austin Dropbox employees at trial, SynKloud identifies at least six employees for which WDTX is more convenient than NDCA. SynKloud also identifies at least six Austin Dropbox employees who may have relevant information. Furthermore, SynKloud asserts that some of the Austin-based Dropbox employees may have knowledge of Dropbox's CX (Customer Experience) including "Desktop app" and "mobile app" that could support SynKloud's indirect infringement claims. ECF No. 23 at 8-9. Because the parties have identified a potential witnesses in both NDCA and WDTX (with varying levels of specificity), the Court finds that party witnesses are neutral in terms of transfer. Thus, because the location of documents weighs in favor of transfer and the location of party witnesses is neutral towards transfer, the Court finds that the relative ease of access to sources of proof only slightly weighs in favor of transfer.

### b. Availability of compulsory process to secure the attendance of witnesses

The next factor the Court considers is the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See Volkswagen II*, 545 F.3d at 316. In its opening brief, Dropbox argues that only NDCA, and not WDTX, has absolute subpoena power over "the most significant third-party witness in this case," the inventor Mr. Tsao, this factor weighs heavily in favor of transfer. ECF No. 19 at 8. Additionally, Dropbox contends that a key trial witness, Mr. Li, is under the subpoena power of the NDCA. *Id.* In its response, SynKloud argues that this factor weights against transfer for two main reasons. First, Mr. Tsao (the named inventor) is willing to travel to the WDTX for this case, which negates the relevance of his distance from Texas and the availability of

compulsory process as a factor favoring transfer. ECF No. 23 at 13. Second, Dropbox has not indicated that Mr. Li (a lawyer who previously corresponded with Dropbox), would be unwilling to testify in this District, and Dropbox has not clarified how Mr. Li would have unprivileged information that is not already available to Dropbox. *Id*. at 14.

Additionally, with respect to Dropbox's Austin office, SynKloud argues that Dropbox downplays its presence in this District and its relevance to the products and/or services at issue. *Id.* at 8. SynKloud identifies six Dropbox employees located in this District who appear to possess relevant knowledge. *Id*. In its reply, Dropbox asserts that the third-party witnesses SynKloud identifies will not realistically be called to testify at trial. ECF No. 26 at 8.

After considering the parties arguments, the Court finds that this factor is neutral for the reasons that follow. First, the parties have identified potential third-party witnesses that may have relevant information in both NDCA and WDTX as well as outside of either District. For Dropbox witnesses, although the parties disagree whether there are any Dropbox witnesses in WDTX that may have relevant information, the Court resolves factual conflicts in favor of the non-movant. Thus, the Court concludes there may be some Dropbox employees in WDTX with relevant information. Furthermore, because Plaintiff provided an affidavit stating that Mr. Tsao is willing to travel to this District, the Court finds Dropbox's argument that this factor favors transfer unpersuasive. *See Arielle, Inc. v. Monster Cable Prod., Inc.*, No. 2:06-CV-00382, 2007 WL 951639, at *2 (E.D. Tex. Mar. 26, 2007) (convenience of witnesses did not support transfer where plaintiff provided affidavits stating that "key" witnesses were willing to travel to Marshall, Texas). Finally, the Court agrees with Plaintiff's arguments concerning Mr. Li. Accordingly, because there may be Dropbox witnesses with relevant information in both NDCA and WDTX, and because the

inventor of the Patents-in-Suit is willing to testify in this District, the Court finds that the location of the Dropbox witnesses is a neutral factor.

### c. Cost of attendance for willing witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Id.* at 1343. However, the convenience of party witnesses is given little weight. *See ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010).

Dropbox asserts that all of its expected witnesses are located in NDCA and Seattle. ECF No. 19 at 6. Dropbox asserts that, because the "Waco courthouse is over 1,000 miles further than the San Francisco courthouse from Dropbox's San Francisco headquarters and Seattle facility," the burden of attending trial would be significantly greater in WDTX than in NDCA. *Id*. With regard to SynKloud's witnesses, Dropbox argues that travel from Delaware to San Francisco is no more burdensome than travel from Delaware to Waco. *Id*. at 8.

SynKloud, on the other hand, alleges that none of its relevant information or witnesses are located in NDCA; instead, its key witnesses reside in New York and Virginia. ECF No. 23 at 2. SynKloud asserts that travel cost and accommodations are more than double in NDCA than in

WDTX. *Id.* at 3-4. Therefore, SynKloud argues that it is far easier and more cost effective for SynKloud to travel WDTX. *Id.* at 3.

The Court finds that this factor is neutral because of the following: First, the cost of attendance of party witnesses does not weigh for or against transfer because there appear to be several potential witnesses in both NDCA and WDTX, as well as outside either District. *Fintiv*, 2019 WL 4743678 at *6. In any case, courts give the convenience of party witnesses little weight. Second, the cost of attendance of Dropbox witnesses is neutral because the parties identified potential Dropbox witnesses in both districts. Likewise, the cost of attendance of SynKloud is also neutral because regardless of the District, the witnesses will have to travel over 1,000 miles. Because neither party witnesses, Dropbox witnesses nor SynKloud witnesses, weigh for or against transfer, the Court finds that the cost of attendance of willing witnesses factor is neutral.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

In considering a transfer, this court must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. Multiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer. *Uniloc USA, Inc. v. Chief Architect, Inc.,* No. 6:15-cv-1003-RWS-KNM, 2016 WL 9229319, at *5 (E.D. Texas Dec. 2, 2016) (citing *In re Volkswagen of Am., Inc.,* 556 F.3d 1349, 1351(Fed. Cir. 2009) ). This factor is important in cases where, for example, "the trial court involving the same patent and underlying technology during a prior litigation" or where "there is co-pending litigation before the trial court involving the same patent and underlying technology." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (applying Fifth Circuit law). But considerations of judicial economy and the existence of co-pending litigation are not dispositive

in the transfer analysis. *See In re Google Inc.*, No 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb 23, 2017).

Dropbox argues that there are no practical issues favoring this District. ECF No. 19 at 9. Dropbox argues that this Court has neither had to expend time or expense in regard to this case. *Id*. SynKloud counters that, due to concerns about judicial economy, this factor weighs in favor against transfer. ECF No. 23 at 15. SynKloud argues that since it has brought suit regarding the same Patents-in-Suit against Adobe in this District, adjudication of both these actions by this Court serves the interest of judicial economy. *Id.*

A parallel action in this District involving the same patent weighs heavily in the transfer analysis. *See Uniloc*, 2016 WL 9229319, at *5. Though this factor is not dispositive, judicial economy favors having the infringement of the same patent considered by one judge. Thus, because parallel litigation concerning the same patent at issue is pending in WDTX, this factor weighs against transfer. *Id.*

### e. Administrative difficulties flowing from court congestion

The relevant inquiry under this factor is actually "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). In its motion, Dropbox asserts that this factor is neutral, because neither this Court nor NDCA suffers from judge shortage or backlog of civil matters. ECF No. 19 at 9. In its response, SynKloud cites *Fintiv*, which shows that the median time to trial in civil cases in the WDTX is 25% faster than time-to-trial statistics in NDCA. ECF No. 23 at 16 (citing *Fintiv*, 2019 WL 4743678 at *7. SynKloud argues that it chose this forum for "speed and efficient in patent infringement litigation," and that transfer could deprive SynKloud of its chosen forum. *Id.* Finally, SynKloud argues that since time to trial is faster in this District, this factor weighs against transfer. *Id.*

12

In the Court's OGP, trial is scheduled 44–47 weeks after the Markman hearing.[3] In this case, because the Markman hearing is scheduled for September 11, 2020, trial is scheduled to start April 19, 2021 and May 10, 2021. Even assuming the later date, the time from filing (September 9, 2019) to trial will be about 21 months. As such, because time to trial will be shorter in this District the Court finds that this factor weighs against transfer.

### f. Local interest in having localized interests decided at home

In its motion, Dropbox argues that NDCA has a far greater local interest in this case which strongly favors transfer. ECF No. 19 at 9–10. Dropbox's argument is premised on the fact that its headquarters are located in NDCA, the accused technology was developed there, its employees most knowledgeable about the finances and marketing of the accused technology are in NDCA, and the Dropbox servers housing the source code are located in NDCA. *Id. at 5*. Dropbox also argues that while Dropbox has a satellite office in Austin, that office opened long after the technology at issue was developed and released. Therefore, none of its employees are key witnesses to facts relevant to the issues in this case. *Id.* at 10.

In its response, SynKloud asserts that this District has a local interest because Dropbox has a large presence in the district with its Austin office. ECF No. 23 at 16. SynKloud also argues that WDTX has a particularized interest in this case because of Dropbox's large presence and expansion efforts within the District. *Id.* at 16–17.

The Court find that this factor weighs against transfer for the reasons that follow. First, Dropbox has offices in both NDCA and WDTX, so both districts have a significant interest in this case. Furthermore, although the parties dispute whether there are any Dropbox employees with

---

[3] *Order Governing Proceedings—Patent Case*, Western District of Texas, available at
https://www.txwd.uscourts.gov/wpcontent/uploads/Standing%20Orders/Waco/Albright/Order%20Governing%20Proceedings%20-%20Patent%20Cases%20022620.pdf

relevant knowledge located in WDTX, SynKloud has identified at least six Dropbox employees in WDTX who may have relevant information. ECF. No. 23 at 8. As such, WDTX has a localized interest with respect to Dropbox. For all of these reasons, Dropbox's contribution to this factor is neutral. Accordingly, given that Dropbox's presence in both districts is neutral in terms of transfer, the Court finds that the local interest in having localized interests decided at home is neutral.

### g. Familiarity of the forum with the law that will govern the case

Both parties agree that this factor is neutral. ECF No. 19 at 10 (Dropbox), ECF No. 23 at 17 (SynKloud). The Court also agrees.

### h. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law

Both parties agree that this factor is neutral. ECF No. 19 at 10 (Dropbox), ECF No. 23 at 17 (SynKloud). The Court also agrees.

### i. Conclusion

Having found that the access to proof factor slightly weighs in favor of transfer while court congestions weigh against transfer with the other factors being neutral, the Court finds that Dropbox has not met its "heavy burden" to demonstrate that NDCA is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314 n.10, 315; *QR Spex*, 507 F.Supp.2d at 664.

## IV. Conclusion

It is therefore **ORDERED** that Dropbox's motion for transfer venue to the Northern District of California is **DENIED**.

**SIGNED** this 14th day of May 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE